101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin MOLINA, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 96-3127.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges; EDGAR, District Judge.*
 
 ORDER
 
 2
 Martin Molina, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Molina sued six state prison officials (Wilkinson, Littlefield, McNeil, Hurt, Schuback and Wilson), in their individual and official capacities, asserting that the defendants discriminated against him because he is in a wheelchair. He alleged that: 1) prison officials refused to grant him a hardship transfer; 2) prison officials refused to enroll him in college because the classrooms are inaccessible; 3) prison officials will not release him on work or school furloughs; 4) he cannot earn good-time credits by attending Alcoholics/Narcotics Anonymous sessions because the sessions are inaccessible; 5) prison officials will not downgrade his security level to minimum level one; 6) he has been injured because prison roads are unsafe for wheelchair use and because the prison does not have a properly equipped van to transport him; and 7) the prison will not hire him for certain jobs.
 
 
 4
 On November 18, 1992, the district court granted summary judgment in the defendants' favor on the first claim in its entirety and as to all other claims to the extent Molina sought injunctive relief. The district court reasoned that a class action settlement agreement barred Molina from seeking injunctive relief, but did not bar him from seeking monetary relief. The defendants thereafter filed a second motion for summary judgment which the magistrate judge recommended granting as to claims two through six and denying as to claim seven because the defendants' motion did not address the equal protection portion of the claim. After reviewing the magistrate judge's report de novo and in light of Molina's objections, the district court adopted the report on November 8, 1995. The district court likewise granted summary judgment to the defendants on the seventh claim on December 29, 1995, upon consideration of the defendants' third motion for summary judgment, the magistrate judge's report and Molina's objections.
 
 
 5
 Molina has filed a timely appeal. His brief is liberally construed as reasserting the same claims. Molina also requests in his reply brief that the appellees' brief be stricken.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to the defendants on all of the above claims. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). However, we affirm for reasons in part other than those considered by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 7
 First, the defendants did not violate Molina's constitutional rights by denying him a hardship transfer as there is no constitutional right to be housed in a particular prison. See Beard v. Livesay, 798 F.2d 874, 876 (6th Cir.1986). Moreover, there is no state-created liberty interest as the denial of a transfer does not impose an atypical and significant hardship on an inmate. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 8
 Second, the defendants did not violate Molina's due process rights by refusing to enroll him in college courses as a prisoner has no constitutional right to educational classes. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981). His allegations that the defendants discriminated in denying him admission are too vague and conclusory to withstand a motion for summary judgment. See Cincinnati Bell Tel. v. Allnet Comm. Servs., Inc., 17 F.3d 921, 923 (6th Cir.1994).
 
 
 9
 Third, Molina's claim that he was unfairly denied school and work furloughs will not be ripe until he is eligible for a prison furlough in September 1998. See Ohio Rev.Code § 2967.26 (Anderson Supp.1995); Buckley v. Valeo, 424 U.S. 1, 114 (1976) (per curiam); Socialist Labor Party v. Gilligan, 406 U.S. 583, 588-89 (1972).
 
 
 10
 Fourth, Molina's claim for monetary damages due to the alleged loss of good-time credits is not cognizable as it is a challenge to the duration of his confinement and must be brought in a petition for habeas corpus relief. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 11
 Fifth, Molina's claim that the defendants discriminated against him by not granting him minimum level security status will not be ripe until he is eligible for consideration in September 1999. See Buckley, 424 U.S. at 114; Socialist Labor Party, 406 U.S. at 588-89.
 
 
 12
 Sixth, Molina's claim concerning the prison roads and van is without merit as the defendants have responded reasonably and have not been indifferent to the risks to his safety. See Farmer v. Brennan, 511 U.S. 825, ----, 114 S.Ct. 1970, 1977, 1982-83 (1994).
 
 
 13
 Finally, the defendants did not violate Molina's due process rights by denying him a job within the Ohio Penal Industries because a prisoner has no right to employment. See Newsom v. Morris, 888 F.2d 371, 374 (6th Cir.1989). Likewise, Molina does not have a state-created liberty interest as the denial of a preferred job is not an atypical hardship in prison. See Sandin, 115 S.Ct. at 2300. Moreover, the defendants did not violate his equal protection rights because the denial was for a rational reason--the building was inaccessible to the handicapped. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 17 (1973).
 
 
 14
 Accordingly, we deny Molina's request to strike the appellees' brief, and we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation